Rose *v.* Nicholson.

Opinion delivered April 16, 1917.

1. Receivers—amount of fees—discretion of chancellor.—It is a matter for the exercise of the chancellor's discretion as to what fees shall be allowed a receiver.

2. Receivers—excessive fees.—A receiver was appointed to take charge of and sell certain mortgaged chattels; *Held,* under the evidence, that a fee of $500 allowed by the chancellor was excessive, and that a fee of $150 would be adequate.

Appeal from Mississippi Chancery Court, Chicka-sawba District; *C. D. Frierson*, Chancellor; modified and affirmed.

*Lamb & Rhodes*, for appellant.

The fee allowed the receiver was excessive. 94 Ark. 183; 101 Ill. App. 256. He was under salary and was interested.

The appellee *pro se*.

There is no question of law; only one of fact. Kirby's Digest, § 6352. The court fixed the fee after hearing all the testimony. It is not unreasonable.

McCulloch, C. J. Appellant, R. C. Rose, owned a plantation in Mississippi County, Arkansas, which he leased to one Johnson, and he also took mortgages from Johnson on the crop for the year 1914 and the farming equipments. A controversy arose between Rose and Johnson, and the former instituted suit to foreclose said mortgages and also instituted an action of unlawful detainer against Johnson to recover possession of the leased premises. On January 19, 1915, while those suits were pending Rose and Johnson entered into a written contract whereby appellee, Lexie Nicholson, should be appointed receiver to take charge of the ungathered crop and other mortgaged property of Johnson, and gather and gin the crop and ship it to W. A. Gage & Co, at Memphis, Tennessee, who held the mortgage notes by assignment from Rose. It was further stipulated in the contract that Rose should pay the expenses of the receivership, including the fees of the receiver. Nicholson accepted the appointment and gave bond in the amount fixed by the chancellor. The evidence shows that the bond of the receiver was made by Rose. The farming tools and other equipment were, it appears from the evidence, sold before Nicholson took charge as receiver.

Nicholson had been working for Rose for several years as bookkeeper, and on the day after his appointment as receiver he and Rose and one Catchings entered

into a contract of copartnership for the operation of the farm theretofore held by Johnson under his lease, and it was stipulated in the contract that Rose should receive rent on the land at the price per acre mentioned in the contract, and that Catchings and Nicholson should each receive a salary of $75 per month. The remainder of the crop was gathered and shipped by the receiver, which ended his duties, and he made his final report.

The present controversy arose over the allowance to Nicholson of his fee as receiver. The court fixed the fee at the sum of $500. It is contended by appellant that Nicholson was in his employ and it was understood that he was to receive no additional compensation for his services as receiver. Nicholson testified that Rose's attorneys told him at the time he was approached on the subject of accepting the appointment as receiver that Rose would pay his fee.

Nicholson was engaged only a short while in performing his duties as receiver, and what he did was in connection with his duties as a member of the partnership in which Rose was interested. We are of the opinion that when the relation of the parties, the amount of work done by the receiver and its relation to his other duties are all considered, the fee allowed by the chancellor is excessive. It is, of course, a matter in the fair discretion of the chancellor as to what fees should be allowed for services as receiver, but we think that the sum of $150 will be ample compensation for the services rendered. The decree will, therefore, be modified so as to reduce the allowance to that sum.